# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TONY CORMIER (#278001)**           **CIVIL ACTION**

**VERSUS**

**JOHN BEL EDWARDS, ET AL**.           **17-241-JJB-RLB**

## ORDER

      The Plaintiff, Tony Cormier, an inmate confined at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, proceeding *pro se,* filed this civil action complaining of alleged violations of his constitutional rights. The Plaintiff has now filed a Motion for Preliminary Injunction Pursuant to F.R.C.P. 65(a) (R. Doc. 3).

      In his Motion, the Plaintiff asserts the following pertinent allegations: On August 4, 2016, a biopsy was taken and the plaintiff was later diagnosed with Hepatitis-C (Stage-3, Borderline Stage-4), exhibiting a progression of the infection over a four year period. Despite his diagnosis, the defendants have failed to provide him with medications that could cure his illness. The plaintiff asserts that if his Hepatitis remains untreated, he may develop and die from liver cancer. For relief, the Plaintiff asks the Court to order that he be provided with one of the current medications used to treat Hepatitis-C.

      The relief sought by the Plaintiff in his Motion is generally co-extensive with the relief sought in his Complaint. As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case.[1] Otherwise,

---

[1] See generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985).

the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief. For this reason, the Plaintiff's Motion should be denied, along with the Plaintiff's failure to meet his onerous burden of proof as discussed below.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[2] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[3]

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[4] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[5]

The Plaintiff herein has failed to show the facts and law clearly favor his request for a preliminary injunction. The Plaintiff's Motion, which relies solely on his own allegations, fails to show he has a substantial likelihood of prevailing on the merits or that there is a substantial threat he will suffer irreparable injury if the requested relief is not granted, much less that the law and the facts clearly favor him. Instead, the Plaintiff offers only unsubstantiated allegations concerning

---

[2] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").
[3] See *Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.
[4] See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[5] See *Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

his medical condition, which do not show that the Plaintiff is not receiving treatment, only that the Plaintiff believes he is in need of additional treatment. Additionally, any harm which may come to the Plaintiff is likely to not be irreparable and can be compensated for monetarily and, if warranted, redressed by way of a post-judgment injunction and/or restraining order.

Furthermore, the Plaintiff has not shown that the injunction will not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state agencies. The Supreme Court has stated that prison administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security.[6] Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations."[7] The Plaintiff asks this Court to enmesh itself into the internal operations of the prison in order for him to receive the medical treatment which he believes to be most appropriate. The Plaintiff has failed to overcome his onerous burden of proof, and his request for injunctive relief cannot be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction Pursuant to F.R.C.P. 65(a) (R. Doc. 3).is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 27, 2017.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[6] *Block v. Rutherford*, 468 U.S. 576, 584–85 (1984).
[7] *Lewis v. Casey*, 518 U.S. 343 (1996), citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979).