# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD HENDERSON (DOC # 109504)** | **CIVIL ACTION NO.** |
| **VERSUS** | **15-804-SDD-EWD** |
| **ROBERT TANNER, WARDEN, ET AL.** | |

*Consolidated for discovery purposes only with*

| | |
|---|---|
| **TONY CORMIER (DOC # 278001)** | **CIVIL ACTION NO.** |
| **VERSUS** | **17-241-SDD-EWD** |
| **JOHN BEL EDWARDS, ET AL.** | |

## RULING ON MOTION TO EXTEND DEADLINES AND CONSOLIDATE DOUGHTY'S CASE FOR DISCOVERY PURPOSES

Before the court is a Motion to Extend Deadlines and Consolidate Doughty's Case for Discovery Purposes Only (the "Motion to Extend and Consolidate")[1] filed by plaintiffs in three separate actions: (1) Richard Henderson, plaintiff in Civil Action No. 15-804-SDD-EWD; (2) Tony J. Cormier, plaintiff in Civil Action No. 17-241-SDD-EWD; and (3) Levell Doughty, plaintiff in Civil Action No. 17-1377-JWD-EWD (collectively, "Plaintiffs"). Defendants in the *Cormier* and *Henderson* actions have filed an opposition.[2] For the reasons set forth herein, the Motion to Extend and Consolidate is **DENIED**.

### I. Background

On June 1, 2017, the suits of *Richard Henderson v. Robert Tanner, Raman Singh, Preety Singh, and Elizabeth Britton*, United States District Court, Middle District of Louisiana, No. 15-

---

[1] 17-cv-241, R. Doc. 61. On June 1, 2017, the *Henderson* and *Cormier* cases were consolidated for discovery purposes only. Although the instant Motion to Extend and Consolidate was only filed in the *Cormier* matter, No. 17-cv-241, because these two cases were consolidated for discovery purposes, the undersigned considers the request for extension to apply equally to both the *Cormier* and *Henderson* matters.

[2] 17-cv-241, R. Doc. 66.

1

804-SDD-EWD (the "*Henderson* Suit") and *Tony Cormier v. John Bel Edwards, James LeBlanc, Tim Hooper, Preety Singh, Raman Singh, and Elizabeth Britton*, United States District Court, Middle District of Louisiana, No. 17-241-SDD-EWD (the "*Cormier* Suit") were consolidated for discovery purposes only.[3] Plaintiffs in both the *Henderson* and *Cormier* Suits allege that the various defendants failed to adequately treat hepatitis C infections and denied Plaintiffs appropriate medical care.[4] A scheduling order was issued in both the *Henderson* and *Cormier* Suits setting a fact discovery deadline of May 18, 2018; an expert discovery deadline of October 5, 2018; and a November 9, 2018 deadline to file dispositive or *Daubert* motions.[5] Thereafter, the District Judge issued a separate order setting a jury trial in both the *Henderson* and *Cormier* Suits on August 12, 2019.[6]

On October 24, 2017, Mr. Levell Doughty filed suit, *Levell H. Doughty v. James LeBlanc, individually; Dr. Raman Singh, individually; Dr. Preety Singh, individually; Nurse Wanda Dupuy, individually; Nurse Elizabeth Britton, individually*, United States District Court, Middle District of Louisiana, No. 17-1377-JWD-EWD (the "*Doughty* Suit"), likewise alleging defendants denied him appropriate medical care and treatment related to his hepatitis C infection. The current scheduling order in the *Doughty* Suit sets a fact discovery deadline of November 30, 2018; an expert discovery deadline of April 5, 2019; a July 3, 2019 deadline to file dispositive and *Daubert* motions, and a 5-day jury trial beginning January 13, 2020.[7]

---

[3] 15-804, R. Doc. 99; 17-241, R. Doc. 17.

[4] 15-804, R. Doc. 36 (Second Amended Complaint); 17-241, R. Doc. 1. Mr. Henderson's and Mr. Cormier's operative complaints were filed while each was still proceeding *pro se*. On June 1, 2017, Mr. Henderson's and Mr. Cormier's current counsel – Joseph Long, Carmen Hebert, and J.R. Whaley enrolled. 15-804, R. Doc. 97; 17-241, R. Doc. 16.

[5] 15-804, R. Doc. 112; 17-241, R. Doc. 50.

[6] 15-804, R. Doc. 120; 17-241, R. Doc. 64.

[7] 17-1377, R. Doc. 19.

By the instant Motion to Extend and Consolidate, Plaintiffs seek to extend the deadlines currently in place in the *Henderson* and *Cormier* Suits to match those in place in the *Doughty* Suit, and to consolidate the *Doughty* Suit with the *Henderson* and *Cormier* Suits for purposes of discovery.[8] Plaintiffs contend that "[t]hese deadlines would be suitable for all three plaintiffs, to keep discovery deadlines consistent for all three Hepatitis C plaintiffs in the Middle District."[9] Plaintiffs further assert that good cause exists to extend the current deadlines in the *Henderson* and *Cormier* Suits "due to the extreme measures Defendants have used to thwart litigation, intimidate and bully the plaintiff's attorneys on this case, run out the clock on discovery, and use frivolous and dilatory tactics to slow litigation, frustrate the plaintiffs, evade service and send a message to others not to sue the Department of Corrections…."[10] Plaintiffs specifically cite repeated unsuccessful attempts to depose one of the defendants, Nurse Britton, and contend that "[w]ithout the timely production of medical records and important witness information from Nurse Britton, plaintiff cannot move forward on the litigation to ask for other discovery and schedule other depositions."[11]

In opposition to the Motion to Extend and Consolidate, defendants point out that following the enrollment of Plaintiffs' counsel, the parties had a six month period of discovery and that Plaintiffs have made no attempts to meet and confer with them "as to any alleged outstanding discovery responses at any point."[12] Defendants contend that plaintiffs' counsel has all the records previously requested such that any issue as to discovery requests is moot, and that defendants have

---

[8] 17-241, R. Doc. 61.
[9] 17-241, R. Doc. 61, ¶ 8.
[10] 17-241, R. Doc. 61, ¶ 9.
[11] 17-241, R. Doc. 61, ¶ 5.
[12] 17-241, R. Doc. 66, p. 5.

3

"agreed to hold the deposition of Ms. Elizabeth Britten, which has already been set multiple times and is currently scheduled for June 29, 2018, outside of the discovery deadlines, in accordance with this Court's Order."[13] Defendants contend that they are "amenable to producing updated medical records to plaintiffs' counsel periodically, outside the fact discovery deadlines, as the plaintiffs' medical conditions are pertinent to the lawsuit" and that "any fact discovery in the case, aside from the currently scheduled deposition of Ms. Britton, is substantially completed…."[14]

## II. Law and Analysis

The Scheduling Order in both the *Henderson* and *Cormier* Suits provides as follows:

> The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. Extensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery.[15]

To establish good cause, the party seeking to modify the scheduling order must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[16] In considering whether a party has shown good cause, four factors are considered: 1) the explanation for the failure to timely comply with the scheduling order; 2) the importance of the modification;

---

[13] 17-241, R. Doc. 66, p. 5.

[14] 17-241, R. Doc. 66, pp. 5-6.

[15] 15-804, R. Doc. 112; 17-241, R. Doc. 50.

[16] *Grant v. City of Houston*, 625 Fed.Appx. 670, 679 (5th Cir. 2015) *citing Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (*quoting Filgueira v. U. S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)(unpublished)(per curiam)).

4

3) potential prejudice in allowing the modification; and 4) availability of a continuance to cure such prejudice.[17]

Here, Plaintiffs assert that this court should consolidate the *Doughty* Suit with the previously-filed *Henderson* and *Cormier* Suits and should extend the discovery deadlines in the *Henderson* and *Cormier* Suits to match those currently in place in the *Doughty* Suit. Given that the *Henderson* Suit has been pending since November 20, 2015, and the *Cormier* Suit has been pending since April 18, 2017, the undersigned is not inclined to consolidate those two suits with the more recently filed *Doughty* Suit. While Plaintiffs are amenable to extending the *Henderson* and *Cormier* deadlines to match those in place in the *Doughty* Suit, the undersigned must weigh Plaintiffs' desire to conduct additional discovery with the counterbalancing concern of timely resolving these lawsuits. Further, although Plaintiffs assert that the deposition of Nurse Britton and timely production of medical records are necessary to move forward with "other discovery" and "other depositions," there is no indication in the Motion to Extend and Consolidate of what additional discovery Plaintiffs anticipate. Significantly, defendants assert that they have produced all records requested by Plaintiffs, that the deposition of Nurse Britton has been scheduled for June 28, 2018, and that defendants will continue to supplement their productions with updated medical records periodically. Moreover, although Plaintiffs intimate that the deposition of Nurse Britton was previously cancelled due solely to the actions of defendants, this court has previously had to remind *all* counsel in these proceedings of their ethical and professional obligations to each other and to the court.[18] Accordingly, the undersigned finds that Plaintiffs have not shown good cause

---

[17] *Id.*

[18] *See*, 15-804, R. Doc. 121.

for extending the discovery deadlines in the *Henderson* and *Cormier* Suits at all, much less good cause to extend those deadlines to be the same as those in place in the *Doughty* Suit.

**III.   Conclusion**

For the reasons set forth herein, the Motion to Extend Deadlines and Consolidate Doughty's Case for Discovery Purposes Only[19] is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 31, 2018.

 

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] 17-cv-241, R. Doc. 61.  On June 1, 2017, the *Henderson* and *Cormier* cases were consolidated for discovery purposes only.  Although the instant Motion to Extend and Consolidate was only filed in the *Cormier* matter, No. 17-cv-241, because these two cases were consolidated for discovery purposes, the undersigned considers the request for extension to apply equally to both the *Cormier* and *Henderson* matters.