# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TONY CORMIER                                       CIVIL ACTION

VERSUS                                             17-241-SDD-EWD

JOHN BEL EDWARDS ET. AL.

## RULING

This matter is before the Court on the *Motions to Dismiss* filed by Defendants John Bel Edwards, Tim Hopper, James LeBlanc, Pretty Singh and, Raman Singh ("Defendants").[1] Defendant Elizabeth Britton ("Britton") has filed her own *Motion to Dismiss.*[2] Plaintiff, Tony Cormier ("Plaintiff" or "Cormier") has filed *Oppositions* to both motions.[3] For the following reasons, the Defendants motion will be granted in part and denied in part, and Britton's motion to dismiss will be denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who filed his *Complaint pro se*, is an inmate at Elayn Hunt Correctional Center ("Elayn Hunt").[4] Cormier was diagnosed with Hepatitis C on November 5, 2012,[5] and has been in Stage III Hepatitis C ("HCV") since August 4, 2016.[6] Cormier claims he asked for treatment for his HCV from Defendant Britton, the liver clinic coordinator in 2016.[7] Despite his request, Plaintiff maintains that no medical persons at Elayn Hunt

---

[1] Rec. Doc. 36.
[2] Rec. Doc. 44.
[3] Rec. Docs. 39 and 56.
[4] Rec. Doc. 1, p. 3.
[5] *Id.* at p. 6.
[6] *Id.* at p. 13, ¶ 24.
[7] *Id.* at p. 7, ¶¶ 3-6.
Document Number: 47538

provided treatment for his HCV.[8]  Accordingly, Plaintiff filed an Administrative Remedy Prison Procedure ("ARP") for the failure to treat his HCV and pursued his ARP through both Step 1 and 2.[9]

Cormier also requesting treatment with alternative HCV medication in 2016 but claims he was denied access to any new medication, specifically Harvoni, because it was "cost prohibitive."[10]  Plaintiff claims Britton stated: "you will be on a list of inmates for treatment as soon as we can get to you, you will be give *Interferon*."[11]  Cormier maintains that the failure to treat his HCV could cause "severe pain, fluid retention, abdominal swelling, liver cancer, sever cirrhosis, congestive heart failure, kidney failure and death if not treated."[12]  Cormier also alleges that the current treatment protocol used at Elayn Hunt is not the most current treatment available and is a failure to "follow and adhere to the policy, procedure and regulations stated by the Louisiana Legislature,"[13]  and constitute a "deprivation[] of [Plaintiff's] federal constitutional rights and are the proximate causes of the pain and suffering [Plaintiff] experience[ed]."[14]

Defendant John Bel Edwards ("Edwards") is the Governor of the State of Louisiana.  Plaintiff maintains that Edwards is "responsible party in this action for [*sic*] His office is ignoring the treatments of inmates with life threatening diseases."[15] Defendant James Leblanc is the Secretary of the Louisiana Department of Public Safety &

---

[8] *Id.* at ¶ 7.
[9] Rec. Doc. 1, p. 14.
[10] Rec. Doc. 1, p. 8, at ¶ 18.
[11] Rec. Doc. 1, p. 17.
[12] Rec. Doc.1, p. 8, ¶ 20.
[13] Rec. Doc. 1, p. 13.
[14] *Id.* at p. 11.
[15] *Id.* at p, 10.

Corrections.[16]  According to Plaintiff, LeBlanc is liable for damages in both his official and individual capacity for damages caused by "his failure to adhere to legislated policy, procedure and regulations"[17] in his failure to provide the most current treatment protocols for HCV.  Tim Hooper ("Hooper"), a named Defendant, is the warden of Elayn Hunt.[18] Plaintiff maintains that it is Hooper's duty "to provide reasonable medical care for those persons incarcerated in his state prisons."[19]  Plaintiff alleges that Hooper was "deliberately indifferent" to his medical needs when he failed to respond to his ARP.[20]

Dr. Raman Singh ("R. Singh"), is a medical doctor for the Department Corrections.[21]  Plaintiff claims that R. Singh is "responsible for the irreparable injury, infliction of wanton pain and suffering, and mental anguish and emotional suffering" because R. Singh failed to follow and adhere to the policy of the Louisiana legislature by not "mak[ing] available protocols and guidelines on the most recent scientific and medical information on HCV prevention, detection diagnostic[s] and treatment."[22]  Plaintiff alleges that Dr. Pretty Singh ("P. Singh"), a physician at Elayn Hunt,[23] is "directly responsible for the pain, suffering, and mental anguish and emotional suffering I am suffering" by failing to treat his Stage III HCV.[24]  Plaintiff claims that Defendant Britton ignored his request for liver treatment despite his diagnosis of Stage III HCV and told him he could "get treatment with 'Harvoni' or other medications after I am released from prison.  She told me it is too

---

[16] *Id.*
[17] *Id.*
[18] *Id.* at pp.11-12.
[19] *Id.*
[20] *Id.*
[21] Rec. Doc. 1, pp. 5-6.
[22] Rec. Doc. 1, pp. 13-14.
[23] Rec. Doc. 1, p. 15.
[24] *Id.*

expensive for DOC to purchase a medication that could save my life."[25]  Plaintiff further claims that Britton has never provided treatment for his HCV.[26]

According to Plaintiff, the named Defendants above violated his civil rights under the Eight and Fourteenth Amendments.  Plaintiff has filed this suit pursuant to 42 U.S.C. § 1983.[27]  Defendants Edwards, Hooper, LeBlanc, P. Singh, and R. Singh have filed a *Motion to Dismiss for Failure to State a Claim*,[28] and Defendant Britton has filed her own *Motion to Dismiss for Failure to State a Claim*.[29]  Although *pro se* when he filed his *Complaint*, Plaintiff is now represented by counsel who has filed *Oppositions*[30] to both motions.

## II.    LAW AND ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[31]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[32]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[33]  In *Twombly*, the United States Supreme

---

[25] *Id.* at p. 16.
[26] *Id.* at p. 17.
[27] *Id.* at p. 1.
[28] Rec. Doc. 36.
[29] Rec. Doc. 44.
[30] Rec. Docs. 39 and 56.
[31] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[32] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[33] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[34] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[35] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[36] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[37] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[38] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[39]

### B. Motion to Dismiss the Complaint of a *Pro Se* Plaintiff

The United States Supreme Court has ruled that a more liberal standard applies when the Court is evaluating a 12(b)(6) motion when the Plaintiff is *pro se*.[40] The Supreme Court in *Erickson v. Pardus*[41] reasoned: "a *pro se* complaint, however inartfully

---

[34] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[36] *Twombly*, 550 U.S. at 570.
[37] *Iqbal*, 556 U.S. at 678.
[38] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[39] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[40] *Erickson v. Pardus*, 551 U.S. 90, 93 (2007).
[41] *Id.*

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[42] The Court in *Erickson* reversed and remanded the district court's ruling, which granted the 12(b)(6) motion, because the district court determined that the plaintiff failed to allege that the denial of medical treatment in prison caused him "substantial harm."[43] The Supreme Court reasoned that the district court's ruling was inconsistent with the 12(b)(6) standard outlined in *Twombly* and *Iqbal*, and the liberal pleading standard applied when the Plaintiff is *pro se*. Although now represented, the Court will apply the less stringent *pro se* standard outlined by the Supreme Court in *Erickson v. Pardus* to the present motions.

In his *Opposition* Plaintiff "being fully aware of sovereign immunity, asks this honorable court, to now, dismiss the Defendants in their official capacity, but retain the Defendants in their personal capacity."[44] Given that the Plaintiff is conceding the issue of sovereign immunity as it relates to the Defendants ability to be sued in their official capacity, Plaintiff's claims against the Defendants in their official capacities are hereby dismissed. Plaintiff's remaining claims against the Defendants will be analyzed under the § 1983 personal capacity framework.

### C. Defendant Edwards

Edwards argues that Plaintiff's § 1983 against him should be dismissed because Plaintiff's complaint "failed to establish sufficient facts that [Edwards] performed any direct action that violated Plaintiff's Constitutional rights as he alleges or that he even had any

---

[42] *Id.*
[43] *Id.*
[44] Rec. Doc. 39, p. 6.

Document Number: 47538

actual knowledge of the events alleged."[45]  The Eastern District in *Miller v. Clement* examined Governor Edwards's liability in a § 1983 prisoner lawsuit.[46]  Plaintiff's sole contention of liability against Edwards is that "he is responsible for all State of Louisiana employees."[47]  The *Miller* court held "[t]he governor cannot be held liable under Section 1983 pursuant to a theory of *respondeat superior* simply because the persons allegedly responsible for plaintiff's injury, if any, including for example the DOC secretary, were in his employ or under his supervision."[48]

The *Miller* court further reasoned, "[t]o hold the governor liable, plaintiff must establish either that he was 'personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [the defendant] … and the alleged constitutional violation.'"[49]  Here, Plaintiff has failed to establish that Edwards personally involved in the alleged violations of Plaintiff's rights or that Edwards was in any way causally connected to Plaintiff's constitutional injury.  Plaintiff has likewise failed to allege that Edwards implemented an unconstitutional policy that "causally resulted" in his injury.[50]  Without alleging a policy or custom which Edwards implemented that is causally related to Plaintiff's constitutional injury, Plaintiff's § 1983 claim fails. For the above stated reasons, Plaintiff's claim against Governor Edwards is dismissed.

### D. Defendant LeBlanc

Defendant LeBlanc is the Secretary of the Louisiana Department of Public Safety

---

[45] Rec. Doc. 36-1, p. 5.
[46] 16cv05778, 2016 WL 4530620 at *3 (E.D. La. Aug. 10, 2016)
[47] Rec. Doc. 1, p. 5.
[48] 2016 WL at *3 (citing *Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979); *Barksdale v. King*, 699 F.2d 744, 756 (5th Cir. 1983)).
[49] *Id.* (citing *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).
[50] *Id.* at *4.

& Corrections.[51]  Plaintiff alleges that LeBlanc is the final policy maker for the department and that he denied Plaintiff "access to the current medication for HCV."[52]  Plaintiff further alleges that "Defendant Leblanc, after receiving my Emergency Grievance, could have and should have immediately investigated the claims presented and took reasonable steps to remedy the critical situation."[53]  Because LeBlanc failed to respond to Cormier's request for HCV treatment Plaintiff maintains that LeBlanc "has violated statutory law which provides state authority to provide reasonable medical care for those persons incarcerated in state prisons[,]"[54] and "propagated an unlawful standard of health care with the denial of crucial life saving medications for me."[55]

The cases relied upon by the Eastern District in *Miller v. Clement* regarding Governor Edwards liability is based on a line of Fifth Circuit cases wherein the court examined supervisory liability for a various public officials: *Sanders v. English* – police chief,[56] *Baskin v. Parker* – sheriff,[57] *Barksdale v. King* – secretary of state department of corrections.[58]  Accordingly, the Court finds the *Miller* court's analysis regarding supervisory liability instructive to the claims against Secretary LeBlanc's.

Unlike his claims against Edwards, Plaintiff pleads with particularity that LeBlanc failed to respond to the Emergency Grievance regarding his HCV treatment, and that the failure of LeBlanc to respond to his request for medical treatment is a violation of

---

[51] Rec. Doc. 1, p. 10.
[52] *Id.* at p. 10.
[53] *Id.*
[54] *Id.*
[55] *Id.* at p. 11.
[56] *Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992).
[57] *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).
[58] *Barksdale v. King*, 699 F.2d 744, 756 (5th Cir. 1983).

Document Number: 47538

Louisiana state law and the United States Constitution.[59]  The Court is bound to accept Plaintiff's allegations as true on a motion to dismiss[,][60] and the Court finds that Plaintiff has successfully plead the nexus between the unconstitutional policy promulgated by LeBlanc and Plaintiff's alleged injury.  Accordingly, the Defendants' motion to dismiss Plaintiff's claims against LeBlanc is denied.

### E. Defendant Hooper

Defendant Hooper is the Warden of Elayn Hunt.  Hooper argues that he should be dismissed from the present suit because Plaintiff has failed to establish that he "performed any direct action that violated Plaintiff's Constitutional rights."[61]  Hooper also argues that he is "not [a]health care provider[] and ha[s] no medical training."[62]  Contrary to Defendants assertions, Plaintiff plainly states in his *Complaint* that "Warden-Tim Hooper, on November 10, 2016, 'denied my request for treatment with a determination that [*sic*] I have no merit.' Emergency A.R.P,E.H.C.C. case #2016-850."[63]  Plaintiff also alleges that "Defendant Hooper had the authority to make the decision once he knew I was suffering and needed treatment for this disease [HCV],"[64] and also had the duty to provide "medical care for a serious medical need []."[65]

Given these allegations in the Plaintiff's *Complaint*, the Court finds that Plaintiff has successfully plead that Defendant Hooper had personal knowledge of the alleged violation and failed to respond to his ARP requesting treatment.  Based upon the Fifth

---

[59] Rec. Doc. 1, p. 10.
[60] *See supra* n. 32.
[61] Rec. Doc. 36-1, p. 6.
[62] *Id.*
[63] Rec. Doc. 1, p. 12.
[64] *Id.*
[65] *Id.* at pp. 12-13

Document Number: 47538

Circuit jurisprudence outlined above,[66] the Court finds that Plaintiff has successfully plead his § 1983 claim against Defendant Hooper. Accordingly, the Defendants' motion to dismiss Plaintiff's claims against Defendant Hooper is denied.

### F. Defendant R. Singh, P. Sing, and Britton

Defendants R. Singh, P. Sing, and Britton argue that they cannot be held liable for Plaintiff's alleged injuries because they are subject to qualified immunity.[67] The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.[68] Taking the facts as alleged in the light most favorable to Plaintiff, the Court considers whether Defendants conduct violated Plaintiff's constitutional rights, and whether the rights allegedly violated were clearly established at the time that the violation occurred.[69] Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.[70] The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation that he confronted.[71]

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has

---

[66] *See supra* ns. 56-58.
[67] Rec. Docs. 36-1, p. 10, 44-1, p. 7.
[68] *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012).
[69] *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-pronged analysis in a particular order – should not be "regarded as an inflexible requirement").
[70] *Saucier v. Katz, supra*, 194 U.S. at 201.
[71] *Id.* at 202.

Document Number: 47538

Page 10 of 13

been denied and that the denial has constituted "deliberate indifference to serious medical needs."[72] Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue.[73] Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action.[74] Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[75] As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[76] The deliberate indifference standard sets a very high bar: Plaintiff must be able to establish that a defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[77] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[78]

The Court previously examined the liability of P. Singh and R. Singh in *Henderson v. Tanner*.[79] Given the factual similarities between in *Henderson* and the present case, plaintiffs in both cases asserted that Defendants failed to treat their HCV, the Court finds the analysis of *Henderson* applicable to the case at bar. There are numerous reported

---

[72] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).
[73] *Estelle v. Gamble, supra*.
[74] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).
[75] *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994).
[76] *Id.* at 837.
[77] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*.
[78] *Mendoza v. Lynaugh*, 989 F.2d 191,195 (5th Cir. 1993).
[79] 15cv0804, 2017 WL 1017927 at *4 (M.D. La. Feb. 16, 2017) (adopted by this Court at 2017 WL 1015321 at *1).

Document Number: 47538
Page 11 of 13

decisions that have commented upon the potentially curative effects of medications such as Harvoni (which has been specifically requested by Plaintiff), as well as other recently-approved Hepatitis C medication protocols.[80] In many of these cases, a judicial resolution of the inmate plaintiffs' claims that they were not being provided with these medications has been based upon an evidentiary showing made in the context of a motion for summary judgment or evidentiary hearing.[81]

Like the plaintiff in *Henderson*, the Court does not presently have any evidence before it upon which to base a decision whether the determination to deny Cormier the potentially curative medication has been warranted. Accordingly, Defendants motion to dismiss must be denied.[82] Whereas the Constitution does not mandate that Plaintiff be provided with the best medical care that is available,[83] the law is clear that "[t]he denial or delay of necessary medical treatment for financial or other improper motives not based on medical reasons may constitute an Eighth Amendment violation."[84] Here, Plaintiff has specifically alleged that P. Singh and Britton oversaw his medical treatment and denied

---

[80] *See, e.g., Abu-Jamal v. Kerestes*, 2016 WL 4574646, *9 (M.D. Pa. Aug. 31, 2016) ("The standard of care with respect to the treatment of chronic Hepatitis C is the administration of newly-developed DAA medications, such as Harvoni, Sovaldi, and Viekira Pak"). *See also B.E. v. Teeter*, 2016 WL 3033500, *1 (W.D. Wash. May 27, 2016) ("Harvoni … was FDA-approved on October 10, 2014 and has a success rate of achieving 'sustained virological response [] of nearly 100%, with little to no side effects").

[81] *See, e.g., Phelps v. Wexford Health Sources, Inc.*, 2017 WL 528424 (D. Md. Feb. 8, 2017); *Fitch v. Blades*, 2016 WL 8118192 (D. Idaho Oct. 27, 2016); *King v. Calderwood*, 2016 WL 4771065 (D. Nevada Sept. 12, 2016); *Crigger v. Wright*, 2016 WL 1626580 (E.D. Va. April 20, 2016).

[82] 679 Fed. Appx. 216 (3rd Cir. Feb. 13, 2017) (reversing lower court decision granting defendants' motion to dismiss, concluding that the inmate plaintiff "plausibly alleged an Eighth Amendment violation" regarding denial of medication for Hepatitis C); *Cassell v. Griffin*, 2016 WL 5954406 (E.D. Ark. Sept. 22, 2016) (denying defendants' motion to dismiss where plaintiff's request for treatment with Harvoni had been refused, noting that "it is clear that [plaintiff] has pled a viable § 1983 claim[]"); *Chimenti v. Pennsylvania Department of Corrections*, 2016 WL 1125580 (E.D. Pa. Mar. 21, 2016) (denying defendants' motion to dismiss in class action where inmates complained of a denial to provide latest Hepatitis C medications).

[83] *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

[84] *See Hanna v. Correctional Corporation of America*, 95 Fed. Appx. 531, 532 (5th Cir. 2004).

him care for HCV.[85] Plaintiff also alleges that R. Singh is involved with the policy determinations regarding treatment protocols and regimens for all inmates, specifically what HCV protocols and medications are to be administered.[86] Accordingly, Defendants P. Singh, R. Singh, and Britton's motion to dismiss is hereby denied.

## III.  CONCLUSION

It is hereby ordered: For the above stated reasons, the Defendants' *Motions to Dismiss* are hereby granted in part and denied in part.[87]

The *Motion to Dismiss* by Governor John Bel Edwards is hereby GRANTED, and the remaining claims against Governor John Bel Edwards are DISMISSED WITH PREJUDICE.

The *Motions to Dismiss* filed by James LeBlanc, Pretty Singh, Raman Singh, and Elizabeth Britton are hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, this 24th of August, 2018.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[85] Rec. Doc. 1, p. 15-18.
[86] Rec. Doc. 1, p. 14-15.
[87] Rec. Docs. 36 and 44.
Document Number: 47538