# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TONY CORMIER                                              CIVIL ACTION

VERSUS                                                          17-241-SDD-EWD

JOHN BEL EDWARDS ET. AL.

## RULING

This matter is before the Court on the *Partial Motion for Summary Judgment* filed

by Defendants John Bel Edwards,[1] Tim Hopper, James LeBlanc, and Raman Singh

("Defendants").[2]  Plaintiff, Tony Cormier ("Plaintiff" or "Cormier") has filed an *Opposition*

to the motion.[3]  For the following reasons, the Defendants' motion will be denied.

## I.     FACTUAL AND PROCEDURAL BACKGROUND[4]

Plaintiff, who filed his *Complaint pro se*, is an inmate at Elayn Hunt Correctional

Center ("Elayn Hunt").[5]  Cormier was diagnosed with Hepatitis C on November 5, 2012,[6]

and has been in Stage III Hepatitis C ("HCV") since August 4, 2016.[7]  Cormier claims he

asked for treatment for his HCV from Elizabeth Britton ("Britton"), a Defendant, and the

liver clinic coordinator at Elayn Hunt in 2016.[8]  Despite his request, Plaintiff maintains he

received no treatment at Elayn Hunt for his HCV.[9]  Accordingly, Plaintiff filed an

---

[1] Defendant Edwards has been dismissed from this suit.  *See* Rec. Doc. 70.
[2] Rec. Doc. 37.
[3] Rec. Doc. 40.
[4] For a full discussion of the underlying facts of this case, see the Court's *Ruling* at Rec. Doc. 70.
[5] Rec. Doc. 1, p. 3.
[6] *Id.* at p. 6.
[7] *Id.* at p. 13, ¶ 24.
[8] *Id.* at p. 7, ¶¶ 3-6.
[9] *Id.* at ¶ 7.

Document Number: 47538

Administrative Remedy Prison Procedure (ARP No. EHCC-2016-850, "ARP") on October 7, 2016 for the failure to treat his HCV, and he pursued his ARP through both Step 1 and 2.[10]

In his ARP, Plaintiff alleges that Britton and Dr. Pretty Singh ("P. Singh") failed to provide care for his HCV. Defendants maintain that Cormier's failure to "mention any one of these defendants [Hooper, LeBlanc, and Singh], [failure] to provide any functional description of any of these defendants, and [failure] to complain of any actions taken directly or [sic] indirect of these defendants"[11] results in the Plaintiff not exhausting his administrative remedies. It is Defendants' contention that the failure to name the Defendants in the ARP necessitates their dismissal because the proper ARP procedure was not followed before the filing of the present lawsuit. Cormier has opposed the Defendants' *Motion for Summary Judgment* on this issue.

## II.  LAW AND ANALYSIS

### A.  Motion for Summary Judgment Standard

 "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[13] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's

---

[10] Rec. Doc. 37-3, pp. 23-25.
[11] Rec. Doc. 37-1, p. 7.
[12] Fed. R. Civ. P. 56(a).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
Document Number: 47538

case."[14]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[15]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[16]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[17]  All reasonable factual inferences are drawn in favor of the nonmoving party.[18]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[19]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[20]  In the present case, Plaintiff attached 410 pages of exhibits but failed to direct the Court to the particular exhibit or exhibits which purportedly

---

[14] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).

[15] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

[16] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[17] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

[18] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[19] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

[20] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).

substantiated the factual allegations in her summary judgment opposition.[21] The Court is under no obligation to search the record and find the evidentiary support, if any, for the Plaintiff's factual propositions. Accordingly, the Court's ruling is drawn from the summary judgment evidence that was identified and cited by the parties.

### B. ARP Requirements

The Defendants' sole basis for their motion is that "Plaintiff never filed an ARP that presented to the grievance system the same facts and issues against any one of these four defendants."[22] Accordingly, the only issue before the Court is whether, as a matter of law, a prisoner plaintiff such as Cormier must name each prison official in an ARP before filing a lawsuit and naming the prison officials as defendants.

42 U.S.C. § 1997(e) provides in relevant part: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As the Fifth Circuit outlined in *Clifford v. Gibbs*, under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.[23] In *Johnson v. Johnson*, the Fifth Circuit held that, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.[24] The United States Supreme Court in *Woodford v. Ngo* reasoned that, "not only must the prisoner exhaust all available

---

[21] *See* Rec. Doc. 45.
[22] Rec. Doc. 37-1, p. 8.
[23] 298 F.3d 328, 332 (5th Cir. 2002); *See also*, *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).
[24] 385 F.3d 503, 514 (5th Cir. 2004).
Document Number: 47538

remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules."[25] "Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules."[26] In *Days v. Johnson*, the Fifth Circuit stated: "The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues."[27]

This Court in *Haynes v. Parker* reasoned: "Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's (PLRA) exhaustion requirement, mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion."[28]

> The PLRA does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system.[29] Instead, it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."[30] The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.[31] A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit.[32]

Defendants rely on the Fifth Circuit decision in *Johnson v. Johnson* for their position that each prison official must be named in an ARP before a lawsuit is filed in order to exhaust administrative remedies.[33] The Defendants' reliance on *Johnson* is

---

[25] 548 U.S.81, 90, 126 S.Ct. 2378, 2386 (2006).
[26] *Id.* at 126 S.Ct. at 2389-90.
[27] 332 F.3d 863, 633 (5th Cir. 2003).
[28] 13-cv818-SDD-SCR, 2015 WL 1258130 at *3 (M.D. La. March 17, 2015)(*See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).
[29] *Id.*(citing *Jones v. Bock,* 549 U.S. 199, 217-218 (2007)).
[30] *Id.* (internal quotations omitted).
[31] *Id.* (citing *Johnson*, 385 F.3d at 522.
[32] *Id.*
[33] Rec. Doc. 37-1.
Document Number: 47538

misplaced, and the plain language of the *Johnson* decision is inapposite to Defendants' contention.  The *Johnson* court specifically stated: "The primary purpose of a grievance is to alert prison officials to a problem, **not to provide personal notice to a particular official that he may be sued**.[34]

Because *Johnson* makes it clear that the function of an ARP notice is to alert prison officials of a problem, and not to name every potential defendant so as to give them notice that they may be sued, the Court finds Defendants' exhaustion argument without merit. Accordingly, the Defendants' *Motion for Partial Summary Judgment* is denied.

## III.    CONCLUSION

For the above stated reasons, the Defendants' *Motion for Partial Summary Judgment* is hereby denied.[35]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, this 24th day of August, 2018.

_____

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[34] *Johnson*, 385 F.3d at 522 (emphasis added).
[35] Rec. Doc. 37.
Document Number: 47538